IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAUREN HEROLD, et al., ) | CASE NO. 1:11-CV-1690 |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ASII, INC., et al, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiffs' Motion to Remand (ECF #11). For the reasons that follow, Plaintiff's Motion to Remand is granted.

## PROCEDURAL BACKGROUND

Plaintiffs Lauren Herold and Michael Herold, filed this action on June 14, 2011, against Defendant Aircraft Service International, Inc. ("ASII") (incorrectly sued as "ASIG, Inc.") in the Court of Common Pleas for Cuyahoga County, Ohio alleging claims arising out of an injury suffered in the course and scope of Lauren Herold's employment as a flight attendant with Continental Airlines at Cleveland Hopkins International Airport involving ASII personnel (Complaint, ¶¶3-4).

On August 3, 2011 the Plaintiffs amended their Complaint joining as defendants: the City of Cleveland, the City of Cleveland Port Control, and the Cleveland Airport System, Department of Port Control (collectively, "City of Cleveland") who owned, operated and controlled Cleveland Hopkins International Airport at the time of the injury. Defendant ASII alleges it was

never validly served with the Amended Complaint and that the Plaintiffs only amended their C Complaint upon learning that counsel for ASII intended to remove the action to federal court. On August 12, 2011, ASII filed a Notice of Removal under 28 U.S.C. § 1441 based on diversity jurisdiction and an amount in controversy exceeding $75,000, not acknowledging the Amended Complaint or the joinder of the City of Cleveland Defendants.

On December 6, 2011 Plaintiffs filed a motion to remand pursuant to 28 U.S.C. § 1447(c) on the basis that the City of Cleveland Defendants were added prior to removal and destroy complete diversity. The City of Cleveland joined ASII's opposition to the Plaintiffs' Motion to Remand, asserting that the Plaintiffs' Amended Complaint does not comply with the *Iqbal/Twombly* pleading standard and that there is no reasonable basis for the claims against the City of Cleveland. The Defendants allege that the Plaintiffs' fraudulently joined the City of Cleveland Defendants to avoid removal.

Plaintiffs replied to Defendants' opposition arguing that § 1441(b) precludes removal in cases such as this one, where one party, properly joined and served as a defendant, is a citizen of the state in which the action is brought. Further, Plaintiffs argue their Complaint asserts a colorable claim against the City of Cleveland Defendants and that the conclusory, self-serving affidavits submitted by Defendants do not meet their burden to establish fraudulent joinder. Additionally, Plaintiffs argue that Defendants cannot show fraudulent joinder by arguing Plaintiffs' claims do not meet the Rule 12(b)(6) pleading standards, but rather must show that there is no reasonable basis for asserting a claim against the City of Cleveland Defendants.

## DISCUSSION

Under 28 U.S.C. §1447(c) this Court must remand the action to the State court in which

the action was initiated if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. For this Court to have diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy must exceed the sum or value of $75,000, and be between the citizens of different states. Moreover, the plaintiffs' citizenship must be diverse from that of each named defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). As Plaintiffs and the City of Cleveland Defendants are all citizens of Ohio, diversity jurisdiction does not exist unless the citizenship of the City of Cleveland Defendants is disregarded.

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N.D. Ohio 1990). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. Thus, the Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts.

*Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Defendants assert that the City of Cleveland Defendants were fraudulently joined in this action by the Plaintiffs to defeat diversity jurisdiction. Defendants also assert that ASII was never validly served with the Amended Complaint and that the original Complaint should be used to

3

determine diversity jurisdiction.[1] Accordingly, the Defendants assert that the Plaintiffs need to file a motion to join the City of Cleveland Defendants and that the Court should exercise its discretion pursuant to 28 U.S.C. § 1447(e) to deny joinder of these parties who would destroy subject matter jurisdiction.

The Court will not ignore an amended complaint which was properly docketed and served on the local defendants prior to removal as the removal statutes require the removing party to attach all pleadings to their notice of removal. The attorney for Defendant ASII clearly was aware of the Amended Complaint and chose not to attach it to the removal papers. This Court can only assume that Plaintiffs have or will properly serve Defendant ASII or its counsel with the Amended Complaint in accordance with the Rules of Civil Procedure. For the purposes of this Motion the Court will focus on the question of whether the City of Cleveland Defendants were fraudulently joined in the Amended Complaint.

### *Would the joinder of the City of Cleveland Defendants be fraudulent?*

The burden is on the removing defendant to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. The Sixth Circuit has instructed trial courts to analyze

---

[1] In their brief in opposition to Plaintiffs' Motion to Remand, Defendant ASII explains the Plaintiffs' incorrectly served both the original Complaint and the amended Complaint on a non-corporate entity, ASIG, but only validly served the original Complaint on the correct defendant ASII after realizing the mistake. The Amended Complaint was validly served on the City of Cleveland Defendants.

4

claims of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Thus, the Sixth Circuit has acknowledged that the test for deciding a motion to remand involving fraudulent joinder allegations, is similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss. *Walker v. Philip Morris USA, Inc.*, No. 09-53, 2011 U.S. App. LEXIS 22046 at *18(6th Cir. Oct. 31, 2011)(unreported). Moreover, the plaintiff's motive in joining a non-diverse defendant "is immaterial to [the] determination regarding fraudulent joinder." *Jerome-Duncan Ind. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). *See also Harris v. Great Lakes Steel Corp.*, 752 F. Supp. 244, 246 n, 4 (E.D.Mich. 1990) ("[t]he proper inquiry is whether there is any reasonable basis for asserting a claim against a defendant, not whether the plaintiff's motive in joining a defendant is to destroy diversity"). Similarly, whether the plaintiffs will ultimately recover against the removing defendants is also immaterial.

***Do Plaintiffs have a colorable claim against the City of Cleveland Defendants?***

In the Amended Complaint Plaintiffs assert that:

> The Defendants, City of Cleveland and/or the City of Cleveland Department of Port Control and/or Cleveland Airport System Department of Port Control, negligently failed to properly supervise fueling entities and otherwise determine whether individuals/entities who provided fueling to aircraft on the airport premises were qualified, competent and trained to provide such fueling activities.

5

(Amended Complaint, ¶6) ASII and the City of Cleveland have each submitted an affidavit to show that there is no factual support for Plaintiffs' claims against the City of Cleveland Defendants.

Specifically, Defendants argue that the City of Cleveland cannot be held liable for any injury from this incident because it has no responsibility for the hiring, training, and/or supervising of ASII personnel as detailed by the two affidavits submitted to the Court. The affidavits are short, two page statements denying any role of the City of Cleveland Defendants in direct supervision or training of ASII's operations at the airport. The ASII affidavit is by the General Manager of ASII's operations at the airport, while the affidavit from the City of Cleveland is by an assistant law director assigned as legal counsel to the Cleveland Airport System. Plaintiffs argue that these affidavits are conclusory, self-serving and do not present "true undisputed fact" necessary to negate statements in an otherwise colorable complaint. At most, Plaintiffs contend that such affidavits present a factual dispute that cannot be resolved–or even addressed–in the context of a motion to remand. See *Brentar v. Ford Motor Co.*, No. 09-CV-2685, 2010 U.S. Dist. LEXIS 80470, *27-*28 (a court "must not make credibility determinations or make findings on the ultimate issues of fact" in making its fraudulent joinder inquiry). See also, *Walker*, 2011 U.S. App. LEXIS 22046 at *28 (holding that district court went beyond the relevant inquiry, whether plaintiff had a colorable claim under state law, and instead inquired whether Plaintiffs had adequate evidentiary support for their claim, the traditional Rule 56 inquiry.)

In their Motion for Remand, Plaintiffs note that under Ohio law a political subdivision can be held liable for negligence in performance of a proprietary function and operating as an airport is defined as a proprietary function. Thus, Plaintiffs argue that there is a colorable basis for predicting Plaintiffs will recover from the non-diverse Defendants.

6

Under the Ohio Political Subdivision Tort Liability Act, Ohio Rev. Code Chapter 2744, a political subdivision can be held liable for its *employees'* negligence in performance of a proprietary function and operating an airport is defined as a proprietary function. Thus, the liability of the City of Cleveland Defendants may turn on whether ASII was an employee of the City of Cleveland. While Defendants' affidavits no doubt are geared to show that ASII is not an employee of the City of Cleveland, that is an involved question that can not be answered on a Motion to Remand before discovery has been permitted. This is the ultimate issue of fact in this action. As all disputed issues of fact should be resolved in favor of the non-removing party, at this junction the Court finds that there is a colorable basis for predicting Plaintiffs will recover from the non-diverse Defendants. Accordingly, the City of Cleveland Defendants were not fraudulently joined and their presence in this action destroys this Court's diversity jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand (ECF#11) is granted and this action will be remanded to the Court of Common Pleas for Cuyahoga County, Ohio.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: January 20, 2012